```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF HAWAII

EDWARD DIAZ,                     )   Civ. No. 18-00316 SOM-KSC
                                 )
          Plaintiff,             )   ORDER GRANTING PLAINTIFF'S
                                 )   APPLICATION TO PROCEED
     vs.                         )   WITHOUT PREPAYING FEES OR
                                 )   COSTS AND DIRECTING SERVICE
MEDCAH INC.,                     )
                                 )
          Defendant.             )
_____  )
```

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE**

On August 14, 2018, Plaintiff Edward Diaz filed a Complaint asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. *See* ECF No. 1. That same day, Diaz filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). *See* ECF No. 2.

To proceed *in forma pauperis*, Diaz must submit an affidavit that includes a statement of the assets he possesses and a statement that he is unable to pay the cost of this proceeding or give security therefor. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the information provided by Diaz, the court determines that he has satisfied this requirement. Diaz states that he has $20 in savings, has no additional assets, and earned approximately $12,000 last year, which is below the federal poverty guidelines. *See* ECF No. 2, PageID #s 16-17; January 2018 Poverty Guidelines for Hawaii,

https://aspe.hhs.gov/poverty-guidelines (last visited August 16, 2018) (setting poverty guideline for one person in Hawaii at $13,960).

The court also screened the Complaint and finds that Diaz sufficiently pleads his claims as to Defendant Medcah Inc. *See* 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

Accordingly, the court GRANTS Diaz's Application. The court provides the following orders regarding service of the Complaint:

(1) The Clerk of Court shall send Diaz one copy of the Complaint, one completed summons, two Notice of a Lawsuit and Request to Waive Service of a Summons forms (AO 398), two Waiver of the Service of Summons forms (AO 399), and an instruction sheet. The Clerk shall send a copy of this order to the U.S. Marshals Service.

(2) Diaz shall fully complete the forms and return them to the U.S. Marshals Service, 300 Ala Moana Boulevard, Room C-109, Honolulu, Hawaii 96850. Diaz must also send to the U.S. Marshals Service a copy of the Complaint, a copy of this order, and the summons.

(3) The U.S. Marshal shall mail to Defendant a copy of the Complaint, a copy of this order, a completed Notice of Lawsuit and Request for Waiver of Service of Summons form, and

two completed Waiver of Service of Summons forms. The U.S. Marshals Service shall retain the summons and a copy of the Complaint.

(4) Defendant shall return one Waiver of Service of Summons form to the U.S. Marshals Service within thirty days from the date the request is mailed. If Defendant fails to return the form within thirty days, the U.S. Marshals Service shall personally serve Defendant. Within ten days after personal service is effected, the U.S. Marshals Service shall file the return of service for Defendant with evidence of any attempts to secure a waiver of service of summons and the costs incurred in effecting service. These costs will be taxed against the personally served Defendant. *See* Fed. R. Civ. P. 4(d)(2).

(5) Defendant shall file an answer or other responsive pleading within the time provided in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1). Failure to do so may result in the entry of default.

(6) After the U.S. Marshals Service has served the Complaint, Diaz shall serve upon Defendant, or upon Defendant's counsel if counsel's appearance has been entered, a copy of every further pleading, motion, or other document submitted to the court pursuant to Federal Rule of Civil Procedure 5(b). With every original document he seeks to file, Diaz must include

a certificate stating the manner in which a true and correct copy of that document has been served on Defendant and the date of that service.  See Local Rule 5.6.  Any document received by the court that is not properly filed with the Clerk or that fails to include a certificate of service may be disregarded.

(7) Diaz shall immediately inform the court of any change of address in writing by filing a document that bears the title "Notice of Change of Address."  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to file such notice may result in the dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Edward Diaz v. Medcah Inc., Civ. No. 18-00316 SOM-KSC; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DIRECTING SERVICE.